1  BRIAN J. WHITE  Bar No. 155198
   Attorney at Law
2  4320 Iowa Street
   San Diego, CA 92104
3  Telephone: (619) 280-8022
   Facsimile: (619) 280-8023
4
   Attorney for Defendant,
5  ARTURO HERNANDEZ-ESGUERRA

                    UNITED STATES DISTRICT COURT

                   SOUTHERN DISTRICT OF CALIFORNIA

                       (HON. JOHN A. HOUSTON )

| UNITED STATES OF AMERICA, | ) | Case No. 07 CR 2976 |
|---|---|---|
| Plaintiff, | ) | NOTICE OF MOTIONS AND MOTION TO: |
| vs. | ) | |
| ARTURO HERNANDEZ-ESGUERRA, | ) | 1) SUPPRESS DEFENDANT'S STATEMENTS |
| Defendant. | ) | Date: December 3, 2007<br>Time: 8:30 a.m. |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY, AND TO AARON B. CLARK, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on December 3, 2007, at 8:30 a.m., or as soon thereafter as counsel may be heard, the defendant, Arturo Hernandez-Esguerra, by and through his counsel, Brian J. White, will ask this Court to enter an order granting the motions listed below.

//
//
//
//

Motion to Suppress Defendant's Statements

**STATEMENT OF THE FACTS**

On September 24, 2007 at approximately 4:10 a.m., Arturo Hernandez-Esguerra was in his vehicle, a PT Cruiser, and was waiting in line to cross the border at the San Ysidro Port of Entry. A U.S. Customs and Border Protection Canine Enforcement Officer received an alert from his Human/Narcotic Detection Dog to the presence of contraband in the rear of Mr. Hernandez-Esguerra's vehicle. An officer approached the vehicle and made contact with Mr. Hernandez-Esguerra. Mr. Hernandez-Esguerra informed the officer that he was not transporting anything with him from Mexico. Mr. Hernandez-Esguerra was taken in to custody and escorted to security, while his vehicle was taken to secondary for inspection.

At secondary, a non-factory compartment was found attached to the undercarriage of the vehicle. Upon further inspection, an illegal alien was found hiding in the compartment.

After Mr. Hernandez-Esguerra was taken in to custody and escorted to the Security Office, he was interviewed by Customs and Border Patrol (CBP) Agent Alfredo Loperena. This interview was witnessed by CBP Agent Edward Chavoya. That interviewed was conducted in Spanish. Mr Hernandez-Esguerra was place under arrest at 9:52 a.m.

**MOTIONS**

I.

**MOTION TO SUPPRESS ARTURO HERNANDEZ-ESGUERRA'S STATEMENTS**

A. **Mr. Hernandez-Esguerra's Statements Were Not Made Voluntarily And Should Therefore be Suppressed.**

Miranda v. Arizona, 384 U.S. 436 (1966), prohibits "custodial interrogation" unless the government first gives warnings to the suspect. However, not every question asked in a custodial setting constitutes "interrogation." United States v. Booth, 669 F.2d 1231, 1237 (9th Cir. 1981). The test is whether "under all of the circumstances involved in a given case, the questions are "reasonably likely to elicit an incriminating response from the suspect." Id. (quoting Rhode Island v. Innis, 446 U.S. 291, 301, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980).

The government must also establish by a preponderance of evidence that any statement by

Mr. Hernandez-Esguerra was made voluntarily. See Lego v. Twomey, 404 U.S. 477 (1972). A confession admitted in violation of Miranda violates a defendant's Fifth Amendment right against self-incrimination and his Sixth Amendment right to counsel; a coerced confession also violates a defendant's right to due process of law. Jackson v. Denno, 378 U.S. 368, 376 (1964); see Mincey v. Arizona, 437 U.S. 385, 396-02 (1978) (Miranda-violative statements admissible for impeachment, but truly involuntary ones inadmissible for all purposes).

A voluntary statement is one which is the product of "rational intellect" and "free will." Blackburn v. Alabama, 361 U.S. 199, 208 (1960). No one factor is determinative. Rather, this court must look to the "totality of all of the surrounding circumstances." Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973). Among the many factors the court can weigh are the age of the accused, his education and intelligence, advice as to constitutional rights, length of detention, repeated and prolonged nature of the questioning and use of physical punishments. Id. (citations omitted). Statements are deemed involuntary whether they are coerced by physical intimidation or psychological pressure. See Townsend v. Sain, 372 U.S. 293 (1963).

An involuntary statement violates due process and its admission into evidence mandates the vacating of any conviction even though other evidence in the case would have been sufficient to convict. Jackson v. Dunno, 378 U.S. at 376. The burden rests with the government to prove voluntariness by a preponderance of the evidence, Lego v. Twomey, 404 U.S. at 489.

At the time of his arrest, Mr. Hernandez-Esguerra was taken from his vehicle and taken to the Security Office. He was surprised that he had been removed and was not sure why he had been taken to the office. During the interview, Mr. Hernandez-Esguerra repeatedly gives questionable answers to the questions being posed to him. He answers in a manner that seems to indicate that he is not sure what is being asked of him, but trying to answer anyway. He is continually accused of knowing something about the offense while continuously denying it. At one point, Agent Loperena even mentions how Mr. Hernandez-Esguerra is nervous and scared about the situation as it should be. Throughout the interview there is confusion about what is being said by Mr. Hernandez-Esguerra. The Agent is asking questions, but the answers do not match up with the questions. Mr. Hernandez-Esguerra was confused by the manner in which he was asked questions and never had a

full understanding of the meaning behind the questions.

Based on the circumstances of this case and pursuant to well-established law in this area, all statements that Mr. Hernandez-Esguerra may have made to agents at the time of the interview are subject to suppression unless the government can prove they were voluntary.  Because Mr. Hernandez-Esguerra has specifically placed in issue the voluntariness of his statements, both the Constitution, <u>Jackson v. Denno,</u> 378 U.S. at 376; <u>United States v. Batiste</u>, 868 F.2d 1089, 1092 n.5 (9th Cir. 1989), and 18 U.S.C. §3501 require a hearing on the question, at which time the burden of proof will rest on the government to prove that Mr. Hernandez-Esguerra's statements were voluntarily made.  <u>Lego v. Twomey</u>, <u>supra</u>.

Respectfully Submitted

Dated: November 20, 2007          /s/ Brian J. White
BRIAN J. WHITE, Attorney for
ARTURO HERNANDEZ-ESGUERRA

Motion to Suppress Defendant's Statements