KAREN P. HEWITT
United States Attorney
AARON B. CLARK
Assistant U.S. Attorney
California State Bar No. 239764
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6787
E-mail: aaron.clark@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No. 07CR2976-JAH |
| Plaintiff, | ) **GOVERNMENT'S RESPONSE AND** |
| | ) **OPPOSITION TO DEFENDANT'S MOTIONS TO:** |
| v. | ) **(1) COMPEL DISCOVERY;** |
| | ) **(2) LEAVE TO FILE FURTHER MOTIONS;** |
| | ) **(3) SUPPRESS DEFENDANT'S STATEMENTS** |
| ARTURO HERNANDEZ-ESGUERRA, | ) |
| Defendant. | ) **TOGETHER WITH STATEMENT OF FACTS** |
| | ) **AND MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES** |
| | ) Date:   December 3, 2007 |
| | ) Time:   8:30 a.m. |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Aaron B. Clark, Assistant United States Attorney, and hereby files its Response and Opposition to Defendant Arturo Hernandez-Esguerra's ("Defendant's") Motions to Compel Discovery and for Leave to File Further Motions; and Suppress Defendant's Statements.  This Response and Opposition is based upon the files and records of the case together with the attached Statement of Facts and Memorandum of Points and Authorities.

**I**

**STATEMENT OF THE CASE**

On October 31, 2007, a grand jury sitting in the Southern District of California returned a two-count Indictment against Defendant, charging him with Bringing In Illegal Aliens for Financial Gain and Aiding and Abetting, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2, and Bringing

in Illegal Aliens Without Presentation, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii). On November 1, 2007, Defendant was arraigned on the Indictment and entered a plea of "Not Guilty."

## II

## STATEMENT OF FACTS

On September 24, 2007, at approximately 4:10 a.m., Defendant attempted entry into the United States through the San Ysidro, California, Port of Entry as the driver and sole visible occupant of a gold 2005 Chrysler PT Cruiser bearing California license plate number 5ZIP700. During pre-primary roving operations, Customs and Border Protection (CBP) and Canine Enforcement Officers (CEO) Stacy Smithson and Mark Schneider approached Defendant's vehicle with a trained human/narcotic detection dog (HNDD). The dog immediately alerted to the rear of Defendant's vehicle.

Schneider contacted Defendant, who provided a negative customs declaration and claimed he was headed home. When asked why he had gone to Mexico, Defendant stated he had taken his sister to the airport and dropped her off at 6:00 p.m. the previous day. Officer Schneider then took custody of Defendant and escorted him to the security office.

In Secondary, an inspection of Defendant's vehicle discovered Yan Lin Wei, a Chinese national with no entitlements to be in the United States, concealed in a non-factory compartment attached to the undercarriage in the rear cargo area of the vehicle.

Defendant was later advised of his Miranda rights and elected to waive those rights and talk with agents. After waiving his rights, Defendant initially admitted "they were going to help me pay for a prostate operation" (in Spanish), when asked why he was smuggling. Defendant also initially admitted that an unknown subject at a Tijuana body shop propositioned him to smuggle aliens into the United States. He claimed he had refused. Defendant then proceeded to make a series of statements regarding the vehicle, his control over the vehicle in the pr, and his activities on the day preceding his arrest. Among those statements, Defendant admitted, without explanation, that he had lied to the CBP officer who initially contacted him, since he actually had not taken his sister to the airport the previous day. He had also initially stated that he had not driven the vehicle for three weeks prior to his arrest since it had been in a body shop. However, when agents confronted Defendant with evidence that his vehicle had crossed into the United States from Mexico several times within the previous three weeks,

Defendant recanted and claimed he would pick up the vehicle at the body shop and then take it back to continue the repair work. Defendant's post-arrest statement was recorded on DVD.

### III

### **DEFENDANT'S MOTIONS**

**A.     Motion to Compel Discovery**

    **1.     Discovery in this Matter is Current**

To date, the Government has provided Defendant with 81 pages of discovery and one DVD. The documents that have been produced constitute all discoverable material that the Government has to date, and includes, <u>inter alia</u>: (1) investigative reports; (2) Defendant's criminal history; (3) documents seized from Defendant's vehicle and his person; and (4) photographs taken throughout the investigation. As of the date of this filing, the Government has received no reciprocal discovery.

    **2.     The Government Has and Will Continue to Comply With Its Discovery Obligations**

The Government recognizes and acknowledges its obligation pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure. The Government has complied and will continue to comply with its discovery obligations going forward.

As to exculpatory information, the United States is aware of its obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150 (1972) and will comply. The United States will also produce any evidence of bias/motive or impeachment of any of its witnesses of which it becomes aware. An inquiry pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

The United States will provide a list of witnesses at the time the Government's Trial Memorandum is filed. The grand jury transcript of any person who will testify at trial will also be produced. The United States will produce any reports of experts that it intends to use in its case-in-chief at trial or such reports as may be material to the preparation of the defense.

//

//

The United States has provided information within its possession or control pertaining to the prior criminal history of Defendant. If the Government intends to offer any evidence under Rules 404(b) or 609 of the Federal Rules of Evidence, it will provide timely notice to Defendant.

To the extent Defendant requests specific documents or types of documents, the Government will continue to disclose any and all discovery required by the relevant discovery rules. Accordingly, the Government respectfully requests that no orders compelling specific discovery by the United States be made at this time.

**3.    The Government Objects to Requests for Discovery That Go Beyond Any Statutory or Constitutional Disclosure Provision.**

The Government recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses including material information related to perception, recollection, ability to communicate, or truth telling. The Government, however, strenuously objects to providing any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic because such information is not discoverable under Rule 16, Brady, Giglio, Henthorn, or any other Constitutional or statutory disclosure provision.         While the Government will supply a tentative witness list with its trial memorandum, it objects to providing last known addresses of these witnesses. See United States v. Steele, 785 F.2d 743, 750 (9th Cir. 1986); United States v. Sukumolachan, 610 F.2d 685, 688 (9th Cir. 1980); United States v. Conder, 423 F.2d 904, 910 (9th Cir. 1970) (addressing defendant's request for the addresses of actual Government witnesses). A request for the home addresses and telephone numbers of Government witnesses is tantamount to a request for a witness list and, in a non-capital case, there is simply no legal requirement that the Government supply defendant with a list of the witnesses it expects to call at trial. United States v. Steele, 785 F.2d at 750; see also United States v. Thompson, 493 F.2d 305, 309 (9th Cir.1974), cert. denied, 419 U.S. 835 (1974); United States v. Glass, 421 F.2d 832, 833 (9th Cir. 1969).

The Government also objects to any request that the United States provide a list of every witness to the crimes charged who will not be called as a United States witness. "There is no

statutory basis for granting such broad requests," and a request for the names and addresses of witnesses who will not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(c)." <u>United States v. Hsin-Yung</u>, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting <u>United States v. Boffa</u>, 513 F. Supp. 444, 502 (D. Del. 1980)). The United States is not required to produce all possible information and evidence regarding any speculative defense claimed by Defendant. <u>Wood v. Bartholomew</u>, 516 U.S. 1, 6-8 (1995) (per curiam).

Although the Government has no objection to the preservation of agents' handwritten notes, we object to their production at this time. Further, the Government objects to any pretrial hearing concerning the production of rough notes. If during any evidentiary proceeding, certain rough notes become relevant, these notes will be made available. Prior production of these notes is not necessary because they are not "statements" within the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness' assertions <u>and</u> they have been approved or adopted by the witness. <u>United States v. Spencer</u>, 618 F.2d 605, 606-07 (9th Cir. 1980); see also <u>United States v. Kaiser</u>, 660 F.2d 724, 731-32 (9th Cir. 1981); <u>United States v. Griffin</u>, 659 F.2d 932, 936-38 (9th Cir. 1981).

**B.     No Opposition to Leave to File Further Motions**

The United States does not object to the granting of leave to allow Defendant to file further motions, as long as the order applies equally to both parties and additional motions are based on newly discovered evidence or discovery provided by the United States subsequent to the instant motion at issue.

**C.     Defendant's Statements Are Admissible**

    **1.     Standards Governing Admissibility of Statements**

A statement made in response to custodial interrogation is admissible under <u>Miranda v. Arizona</u>, 384 U.S. 437 (1966) and 18 U.S.C. § 3501 if a preponderance of the evidence indicates that the statement was made after an advisement of rights, and was not elicited by improper coercion. <u>Colorado v. Connelly</u>, 479 U.S. 157, 167-70 (1986) (preponderance of evidence standard governs

voluntariness and Miranda determinations; valid waiver of Miranda rights should be found in the "absence of police overreaching"; "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary'"). Although the totality of circumstances, including characteristics of the defendant and details of the interview, should be considered, improper coercive activity is a necessary predicate to suppression of any statement. Id.; cf. Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973). Although it is possible for a defendant to be in such a poor mental or physical condition that they cannot rationally waive their rights (and misconduct can be inferred based on police knowledge of such condition, Connelly, 479 U.S. at 167-68), the condition must be so severe that the defendant was rendered utterly incapable of rational choice. United States v. Kelley, 953 F.2d 562, 565 (9th Cir.1992) (collecting cases rejecting claims of physical/mental impairment as insufficient to prevent exercise of rational choice).

**2. Defendant's Statements Should Not Be Suppressed**

Defendant asserts that his statements were involuntary and should be suppressed. To support this claim, however, Defendant asserts only that he was surprised by having been detained and questioned, and that he was confused by the questions asked and the manner in which they were asked. Even if true, none of these allegations render Defendant's statements involuntary. The agents in this case complied with Miranda. Defendant's statements are therefore admissible.

Defendant's post-arrest statements are admissible because he voluntarily waived his Miranda rights. A statement made in response to custodial interrogation is admissible under Miranda v. Arizona, 384 U.S. 437 (1966) and 18 U.S.C. § 3501 if a preponderance of the evidence indicates that the statement was made after an advisement of rights, and was not elicited by improper coercion. Colorado v. Connelly, 479 U.S. 157, 167-70 (1986) (preponderance of evidence standard governs voluntariness and Miranda determinations; valid waiver of Miranda rights should be found in the "absence of police overreaching"; "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary'").

On September 24, 2007, at about 9:52 a.m., CBP Officer Alfredo Loperena advised Defendant of his Miranda rights in the Spanish language as witnessed by CBP Officer Edward Chavoya. Defendant acknowledged that he understood his rights and agreed to waive his rights and

make a statement. Defendant's statement was recorded on video. These recordings, which Defendant received in discovery, make clear that Defendant was advised of his <u>Miranda</u> rights and that he voluntarily waived his rights prior to making any statements.

Defendant has not alleged any specific facts to support that the advisement of rights was somehow flawed or that his waiver of his <u>Miranda</u> rights was the result of improper coercion. Defendant's allegation of involuntariness rests on claims of surprise and confusion, and amount to mere boilerplate language that fails to demonstrate there is a disputed factual issue requiring an evidentiary hearing. <u>See</u> <u>United States v. Howell</u>, 231 F.3d 616, 620-23 (9th Cir. 2000) (holding that "[a]n evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist."); <u>United States v. Batiste</u>, 868 F.2d 1089, 1093 (9th Cir. 1989) (where "defendant, in his motion to suppress, failed to dispute any material fact in the government's proffer, . . . . the district court was not required to hold an evidentiary hearing").

Accordingly, this Court should deny Defendant's motion to suppress and find, based on the Statement of Facts attached to the Complaint in this case, that Defendant's statements were voluntary and given in accordance with <u>Miranda</u>. <u>See</u> <u>Batiste</u>, 868 F.2d at 1092 (government proffer based on the statement of facts attached to the complaint is alone adequate to defeat a motion to suppress where the defense fails to adduce specific and material facts).

## IV

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that Defendant's motions be denied.

DATED: November 28, 2007.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

/s/ ***Aaron B. Clark***
AARON B. CLARK
Assistant U.S. Attorney


# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 07CR2976JAH |
| Plaintiff, ) | |
| v. ) | |
| ARTURO HERNANDEZ-ESGUERRA, ) | CERTIFICATE OF SERVICE |
| Defendant. ) | |

IT IS HEREBY CERTIFIED THAT:

I, AARON B. CLARK, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S RESPONSE AND OPPOSITION** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Brian J. White

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 28, 2007.

        /s/ *Aaron B. Clark*
        AARON B. CLARK
        Assistant U.S. Attorney