| | |
|---|---|
| 1 | KAREN P. HEWITT |
| | United States Attorney |
| 2 | AARON B. CLARK |
| | Assistant U.S. Attorney |
| 3 | California State Bar No. 239764 |
| | United States Attorney's Office |
| 4 | 880 Front Street, Room 6293 |
| | San Diego, California 92101-8893 |
| 5 | Telephone: (619) 557-6787/(619) 235-2757 (Fax) |
| | Email: aaron.clark@usdoj.gov |
| 6 | |
| | Attorneys for Plaintiff |
| 7 | United States of America |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR2976-JAH |
| | ) | |
| Plaintiff, | ) | DATE: April 2, 2008 |
| | ) | TIME: 11:00 a.m. |
| v. | ) | Before Honorable John A. Houston |
| | ) | |
| ARTURO HERNANDEZ-ESGUERRA, | ) | UNITED STATES' MOTIONS *IN LIMINE* TO: |
| | ) | (A) EXCLUDE WITNESSES; |
| Defendant(s). | ) | (B) PROHIBIT REFERENCE TO PUNISHMENT, ETC.; |
| | ) | (C) ADMIT EVIDENCE OF DEMEANOR; |
| | ) | (D) PRECLUDE TESTIMONY OF CHARACTER WITNESSES; |
| | ) | (E) PRECLUDE EVIDENCE OF DURESS OR NECESSITY; |
| | ) | (F) PRECLUDE EXPERT TESTIMONY; |
| | ) | (G) ADMIT VIDEOTAPED STATEMENTS; |
| | ) | (H) ALLOW ARGUMENT THAT DEFENDANT NEED NOT ACT FOR FINANCIAL GAIN;; |
| | ) | (I) RENEWED MOTION FOR RECIPROCAL DISCOVERY; AND |
| | ) | (J) LEAVE TO FILE FURTHER MOTIONS |
| | ) | |
| | ) | TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Aaron B. Clark., Assistant U.S. Attorney, and hereby files its motions *in limine* in the above-captioned case. Said motions are based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

DATED: March 18, 2008.

                            Respectfully submitted,

                            KAREN P. HEWITT
                            United States Attorney

                            s/ Aaron B. Clark
                            AARON B. CLARK
                            Assistant United States Attorney

KAREN P. HEWITT
United States Attorney
AARON B. CLARK
Assistant U.S. Attorney
California State Bar No. 239764
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6787/(619) 235-2757 (Fax)
Email: aaron.clark@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>   v.<br><br>ARTURO HERNANDEZ-ESGUERRA,<br><br>              Defendant(s). | Criminal Case No. 07CR2976-JAH<br><br>DATE:   April 2, 2008<br>TIME:   11:00 a.m.<br>Before Honorable John A. Houston<br><br>UNITED STATES' STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

**I**

**STATEMENT OF THE CASE**

On October 31, 2007, a grand jury sitting in the Southern District of California returned a two-count Indictment against Defendant, charging him with Bringing In Illegal Aliens for Financial Gain and Aiding and Abetting, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2, and Bringing in Illegal Aliens Without Presentation, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii). On November 1, 2007, Defendant was arraigned on the Indictment and entered a plea of "Not Guilty."

//

//

//

3

## II

## **STATEMENT OF FACTS**

On September 24, 2007, at approximately 4:10 a.m., Defendant attempted entry into the United States through the San Ysidro, California, Port of Entry as the driver and sole visible occupant of a gold 2005 Chrysler PT Cruiser bearing California license plate number 5ZIP700. During pre-primary roving operations, Customs and Border Protection (CBP) and Canine Enforcement Officers (CEO) Stacy Smithson and Mark Schneider approached Defendant's vehicle with a trained human/narcotic detection dog (HNDD). The dog immediately alerted to the rear of Defendant's vehicle.

Schneider contacted Defendant, who provided a negative customs declaration and claimed he was headed home. When asked why he had gone to Mexico, Defendant stated he had taken his sister to the airport and dropped her off at 6:00 p.m. the previous day. Officer Schneider then took custody of Defendant and escorted him to the security office.

In secondary inspection, officers discovered Yan Lin Wei, a Chinese national with no entitlements to be in the United States, concealed in a non-factory compartment attached to the undercarriage in the rear cargo area of Defendant's vehicle.

Defendant was later advised of his Miranda rights and elected to waive those rights and talk with agents. After waiving his rights, Defendant initially admitted "they were going to help me pay for a prostate operation" (in Spanish), when asked why he was smuggling. Defendant also initially admitted that an unknown subject at a Tijuana body shop propositioned him to smuggle aliens into the United States. He claimed he had refused. Defendant then proceeded to make a series of statements regarding the vehicle, his control over the vehicle in the process, and his activities on the day preceding his arrest. Among those statements, Defendant admitted, without explanation, that he had lied to the CBP officer who initially contacted him, since he actually had not taken his sister to the airport the previous day. He had also initially stated that he had not driven the vehicle for three weeks prior to his arrest since it had been in a body shop. However,

4

when agents confronted Defendant with evidence that his vehicle had crossed into the United States from Mexico several times within the previous three weeks, Defendant recanted and claimed he would pick up the vehicle at the body shop and then take it back to continue the repair work. Defendant's post-arrest statement was recorded on DVD.

### III

### MEMORANDUM OF POINTS AND AUTHORITIES

**A.  THE COURT SHOULD EXCLUDE WITNESSES DURING TRIAL WITH THE EXCEPTION OF THE GOVERNMENT'S CASE AGENT**

Under Federal Rule of Evidence 615(3), "a person whose presence is shown by a party to be essential to the presentation of the party's cause" should not be ordered excluded from the court during trial. The case agent in the present matter has been critical in moving the investigation forward to this point and is considered by the United States to be an integral part of the trial team. The United States requests that Defendant's testifying witnesses be excluded during trial pursuant to Fed. R. Evid. 615.

**B.  DEFENDANT SHOULD BE PROHIBITED FROM ARGUING PUNISHMENT, EDUCATION, HEALTH, AGE, FAMILY CIRCUMSTANCES, AND FINANCES TO THE JURY**

Defense counsel may wish to raise potential penalties Defendant faces if convicted. Information about penalty and punishment draws the attention of the jury away from their chief function as the sole judges of the facts, opens the door to compromised verdicts, and confuses the issues to be decided. United States v. Olano, 62 F.3d 1180, 1202 (9th Cir. 1995). In federal court, the jury is not permitted to consider punishment in deciding whether the United States has proved its case against the defendant beyond a reasonable doubt. 9th Cir. Crim. Jury Instr. §7.4 (2003). Any such argument or reference would be an improper attempt to have the jury unduly influenced by sympathy for the defendant and prejudiced against the government. See 9th Cir. Jury Inst. § 3.1 (2000). Therefore, the United States hereby moves *in limine* for the Court to order defense counsel not to mention any penalty or punishment to the jury or to solicit testimony regarding the same.

1     Likewise, the defense should be prohibited from making reference to or arguing about Defendant's education, health, age, family circumstances, and finances. Defendant may attempt to introduce evidence designed to improperly arouse the sympathy of the jury, such as evidence of his age or personal background. The court should preclude Defendant from presenting such evidence under Federal Rules of Evidence 401, 402, and 403.

    Except in terms of Defendant's motivation for engaging in the smuggling offense, testimony about Defendant's education, health, age, family circumstances, and finances are patently irrelevant to the issues in this case. Fed. R. Evid. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 402 states the evidence "which is not relevant is not admissible." Testimony about Defendant's age and personal background are of no consequence to the determination of any essential facts in this case. Likewise, a defendant's right to testify is not absolute. That right does not authorize a defendant to present irrelevant testimony. See United States v. Adams, 56 F.3d 737 (7th Cir. 1995) (proper to exclude video of defendant's children opening gifts on Christmas because video would only develop sympathy for accused and would not establish defendant's whereabouts two days earlier).

    Furthermore, the introduction of such evidence would violate Fed. R. Evid. 403. That rule allows a court to exclude relevant evidence where the danger of unfair prejudice or confusion of the issues outweighs the probative value of such evidence. A trial court has "wide latitude" to exclude such prejudicial or confusing evidence. See United States v. Saenz, 179 F.3d 686, 689 (9th Cir. 1999). The admission of testimony about defendant's education, health, age, and finances will tend "to induc[e] decisions on a purely emotional basis . . ." in violation of Fed. R. Evid. 403. See Fed. R. Evid. 403 Advisory Committee Notes; United States v. Ellis, 147 F.3d 1131, 1135 (9th Cir. 1998). Juries should not be influenced by sympathy. 9th Cir. Crim. Jury Instr. § 3.1 (2003).

1    Thus, the government moves *in limine* for the court to order defense counsel not to
2    introduce such testimony from Defendant or from any witnesses.

3    **C.    THE COURT SHOULD ADMIT DEMEANOR EVIDENCE**

4    Evidence regarding Defendant's demeanor and physical appearance is admissible as
5    circumstantial evidence that is helpful to the jury's determination as to whether Defendant knew
6    he was transporting aliens and intended to violate the immigration laws. Fed. R. Evid. 701; United
7    States v. Hursh, 217 F.3d 761, (9th Cir. 2000) (jury may consider defendant's nervousness during
8    questioning at Calexico port of entry); United States v. Fuentes-Cariaga, 209 F.3d 1140, 1144 (9th
9    Cir. 2000) (it is within the ordinary province of jurors to draw inferences from an undisputed fact
10   such as a defendant's nervousness at Calexico Port of Entry); United States v. Barbosa, 906 F.2d
11   1366, 1368 (9th Cir. 1990) (jury could infer guilty knowledge from a defendant's apparent
12   nervousness and anxiety during airport inspection); United States v. Lui, 941 F.2d 844, 848 (9th
13   Cir. 1991) (jury could consider guilty knowledge from a defendant's acting disinterested during
14   airport inspection).

15   Here, federal officers who were present during the incident may properly testify to
16   Defendant's demeanor and physical appearance, as they have personal knowledge based upon their
17   observations of Defendant. As such, the United States respectfully requests that the Court allow
18   admission of this evidence through the testimony of the percipient witnesses.

19
20   **D.    THE COURT SHOULD PRECLUDE TESTIMONY OF CHARACTER WITNESSES**

21   In introducing positive character evidence, a defendant must restrict himself to evidence
22   regarding "law-abidingness" and honesty. A defendant may not introduce evidence concerning
23   specific instances of good conduct, lack of a prior record, or propensity to engage in specific bad
24   acts such as drug smuggling or distribution. United States v. Hedgecorth, 873 F.2d 1307, 1313
25   (9th Cir. 1987) ("[W]hile a defendant may show a characteristic for lawfulness through opinion
26   or reputation testimony, evidence of specific acts is generally inadmissible.") (citations omitted);

27
28                                                          7

1    United States v. Barry, 814 F.2d 1400, 1403 (9th Cir. 1987); Government of Virgin Islands v.
2    Grant, 775 F.2d 508, 512 (3d Cir. 1985) ("[T]estimony that one has never been arrested is
3    especially weak character evidence.").
4        Any character evidence Defendant seeks to introduce at trial, therefore, should be limited
5    to evidence regarding his law-abidingness and honesty. Character evidence beyond the scope of
6    these two traits would be inappropriate.

**E.     THE COURT SHOULD PRECLUDE EVIDENCE OF DURESS OR NECESSITY**

    Defendant should be precluded from presenting evidence or argument that he transported aliens due to duress or necessity. Courts have specifically approved the pretrial exclusion of evidence relating to a legally insufficient duress defense on numerous occasions. See United States v. Bailey, 444 U.S. 394 (1980) (addressing duress); United States v. Moreno, 102 F.3d 994, 997 (9th Cir. 1996), cert. denied, 522 U.S. 826 (1997) (addressing duress). Similarly, a district court may preclude a necessity defense where "the evidence, as described in the defendant's offer of proof, is insufficient as a matter of law to support the proffered defense." United States v. Schoon, 971 F.2d 193, 195 (9th Cir. 1992).

    In order to rely on a defense of duress, Defendant must establish a *prima facie* case that:

(1)     Defendant committed the crime charged because of an immediate threat of death or serious bodily harm;

(2)     Defendant had a well-grounded fear that the threat would be carried out; and

(3)     There was no reasonable opportunity to escape the threatened harm.

United States v. Bailey, 444 U.S. 394, 410-11 (1980); Moreno, 102 F.3d at 997. If Defendant fails to make a threshold showing as to each and every element of the defense, defense counsel should not burden the jury with comments relating to such a defense. See, e.g., Bailey, 444 U.S. at 416.

    A defendant must establish the existence of four elements to be entitled to a necessity defense:

(1)     that he was faced with a choice of evils and chose the lesser evil;

8

|   |   |   |
|---|---|---|
| 1 | (2) | that he acted to prevent imminent harm; |
| 2 | (3) | that he reasonably anticipated a causal relationship between his conduct and the |
| 3 |   | harm to be avoided; and |
| 4 | (4) | that there was no other legal alternatives to violating the law. |

See Schoon, 971 F.2d at 195; United States v. Dorrell, 758 F.2d 427, 430-31 (9th Cir. 1985). A court may preclude invocation of the defense if "proof is deficient with regard to any of the four elements." See Schoon, 971 F.2d at 195.

The United States hereby moves for an evidentiary ruling precluding defense counsel from making any comments during the opening statement or the case-in-chief that relate to any purported defense of "duress" or "coercion" or "necessity" unless Defendant makes a prima facie showing satisfying each and every element of the defense. The United States respectfully requests that the Court rule on this issue prior to opening statements to avoid the prejudice, confusion, and invitation for jury nullification that would result from such comments.

### F. THE COURT SHOULD PRECLUDE EXPERT TESTIMONY BY DEFENSE WITNESSES

Defendant must disclose written summaries of testimony that Defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial. The summaries are to describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. As of the date of the filing of these motions, Defendant has provided neither notice of any expert witness, nor any reports by expert witnesses. Accordingly, Defendant should not be permitted to introduce any expert testimony if he fails to disclose such information prior to trial.

If the Court determines that Defendant may introduce expert testimony, the United States requests a hearing to determine this expert's qualifications and relevance of the expert's testimony pursuant to Fed. R. Evid. 702 and Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150 (1999). See United States v. Rincon, 11 F.3d 922 (9th Cir. 1993) (affirming the district court's decision to not admit the defendant's proffered expert testimony because there had been no showing that the

proposed testimony related to an area that was recognized as a science or that the proposed testimony would assist the jury in understanding the case); see also United States v. Hankey, 203 F.3d 1160, 1167 (9th Cir.), cert. denied, 530 U.S. 1268 (2000).

### G. THE COURT SHOULD ADMIT VIDEOTAPED STATEMENTS OF DEFENDANT

On September 24, 2007, Defendant was interviewed by CBP Officers. This interview was videotaped; during the interview, Defendant made statements about the pending alien smuggling charges. At trial, the government may play portions of this videotape and these audio recordings at trial that are relevant to establish the elements of the offense, or for purposes of impeachment. Statements by Defendant are admissions of a party opponent and are admissible under Fed. R. Evid. 801(d)(2).

### H. THE COURT SHOULD ALLOW ARGUMENT THAT DEFENDANT NEED NOT ACT FOR HIS OWN PERSONAL FINANCIAL GAIN

Count One of the Indictment charges Defendant with Bringing in Illegal Aliens for Financial Gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and Aiding and Abetting in violation of 18 U.S.C. § 2. "In the context of aider and abettor liability, there is a single crime that the defendant is charged with committing; he could commit that offense by directly performing illegal acts himself, or by aiding, abetting, counseling, commanding, inducing, or procuring the commission of the offense. Whichever, the defendant (if convicted) is liable as a principal." United States v. Garcia, 400 F.3d 816, 819 (9th Cir. 2005). The government need not prove that Defendant personally acted for the purpose of commercial advantage or private financial gain if he can be prosecuted under an aiding and abetting theory. United States v. Munoz, 412 F.3d 1043, 1047 (9th Cir. 2005) (citing United States v. Tsai, 282 F.3d 690, 697 (9th Cir. 2001)).

In Tsai, the Ninth Circuit stated that "[b]ecause [the defendant] was charged as an aider and abettor under 18 U.S.C. § 2, the government could make out this [financial gain] element merely by proving that a principal – not necessarily [the defendant] himself – committed the crime with a pecuniary motive; it need not show actual payment or even an agreement to pay." 282 F.3d 690 at 697 (quotation marks and citation omitted). Similarly, in United States v. Schemenauer, 394

F.3d 746, 751 (9th Cir. 2005), the Ninth Circuit held that the government presented sufficient evidence that the illegal alien was brought to the United States "for the purpose of commercial advantage or private financial gain." In so holding, the Ninth Circuit noted that the smuggled alien expected that someone would be paid $3,000 for her transportation, and there was no explanation for the defendant's participation in the alien smuggling scheme "other than an intent to share in the payments to be made." Id.

The plain language of 8 U.S.C. § 1324(a)(2)(B)(ii) requires only that the offense be done for the purpose of commercial advantage or private financial gain – not that the defendant need be a principal or have acted for his or her own personal financial gain. See 8 U.S.C. § 1324(a)(2)(B)(ii) (describing "an offense done for the purpose of commercial advantage or private financial gain"). As the Ninth Circuit held in United States v. Angwin, 271 F.3d 786, 805 (9th Cir. 2001):

> The statute [8 U.S.C. § 1324(a)(2)(B)(ii)] does not require evidence of an actual payment or even an agreement to pay. It merely requires that the offense was done for the purpose of financial gain. Given [the smuggled alien's] testimony that he expected that he would have to pay for his transportation once he arrived in Los Angeles, the substantial evidence of the defendant's guilt, and the lack of any other possible explanation for Angwin's conduct, the evidence was more than sufficient for a rational jury to conclude beyond a reasonable doubt that Angwin committed the offense for the purpose of private financial gain.

I.  **RENEWED MOTION FOR RECIPROCAL DISCOVERY**

The United States renews its motion for reciprocal discovery. As of the date of the filing of these motions, Defendant has produced no reciprocal discovery. The United States requests that Defendant comply with Rule 16(b) of the Federal Rules of Criminal Procedure, as well as Rule 26.2, which requires the production of prior statements of all witnesses, except for those of Defendant. Defendant has not provided the United States with any documents or statements. Accordingly, the United States intends to object at trial and ask this Court to suppress any evidence at trial which has not been provided to the United States.

//

11

**J.     MOTION FOR LEAVE TO FILE FURTHER MOTIONS**

Should new information or legal issues arise as trial preparations continue, the United States respectfully requests the opportunity to file such further motions as may be appropriate.

### IV

### CONCLUSION

For the foregoing reasons, the United States respectfully requests that its motions *in limine* be granted.

DATED: March 18, 2008.

                                        Respectfully submitted,

                                        KAREN P. HEWITT
                                        United States Attorney

                                        s/Aaron B. Clark
                                        AARON B. CLARK
                                        Assistant United States Attorney

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | SOUTHERN DISTRICT OF CALIFORNIA | |

| UNITED STATES OF AMERICA, | Case No. 07CR2976JAH |
|---|---|
| Plaintiff | |
| v. | CERTIFICATE OF SERVICE |
| ARTURO HERNANDEZ-ESGUERRA, | |
| Defendant(s). | |

IT IS HEREBY CERTIFIED THAT:

    I, AARON B. CLARK, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of UNITED STATES' MOTIONS *IN LIMINE* on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1. Brian White, Esq.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on March 18, 2008.

                                                        s/ Aaron B. Clark
                                                        AARON B. CLARK