BRIAN J. WHITE  Bar No. 155198
Attorney at Law
4320 Iowa Street
San Diego, CA 92104
Telephone: (619) 280-8022
Facsimile: (619) 280-8023

Attorney for Defendant,
ARTURO HERNANDEZ-ESGUERRA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. JOHN A. HOUSTON )

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ARTURO HERNANDEZ-ESGUERRA,<br><br>Defendant. | Case No. 07-CR 2976<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS IN LIMINE<br><br>Date:  December 3, 2007<br>Time:  8:30 a.m. |

## I.

## STATEMENT OF FACTS

The following statement of facts is based, in part, on materials received from the government. The facts alleged in these motions are subject to amplification and/or modification at the time these motions are heard.

On September 24, 2007 at approximately 4:10 a.m., Arturo Hernandez-Esguerra was in his vehicle, a PT Cruiser, and was waiting in line to cross the border at the San Ysidro Port of Entry. A U.S. Customs and Border Protection Canine Enforcement Officer received an alert from his

Human/Narcotic Detection Dog to the presence of contraband in the rear of Mr. Hernandez-Esguerra's vehicle. An officer approached the vehicle and made contact with Mr. Hernandez-Esguerra. Mr. Hernandez-Esguerra informed the officer that he was not transporting anything with him from Mexico. Mr. Hernandez-Esguerra was taken in to custody and escorted to security, while his vehicle was taken to secondary for inspection.

At secondary, a non-factory compartment was found attached to the undercarriage of the vehicle. Upon further inspection, an illegal alien was found hiding in the compartment.

## II.

### EVIDENCE OF "NERVOUSNESS" LACKS PROBATIVE VALUE, IS OVERLY PREJUDICIAL AND LACKS PROPER FOUNDATION

**A.   Such Testimony Should Be Precluded Under Fed. R. Evid. 403: Testimony That Someone Was "Nervous" Is Irrelevant And Overly Prejudicial.**

Fed. R. Evid. 403 allows the Court to exclude relevant evidence if the "[p]robative value is substantially outweighed by danger of unfair prejudice." Lay witness testimony regarding nervousness, absent some prior knowledge of the defendant, has minimal, if any, relevance. United States v. Wald, 216 F.3d 1222, 1227 (10th Cir. 2000) (*en banc*) (evidence of nervousness "is of limited significance"[,] "particularly when [the agent] had no prior acquaintance with the [defendant]."); United States v. Fernandez, 18 F.3d 874, 879 (10th Cir. 1994) ("We have repeatedly held that nervousness is of limited significance in determining reasonable suspicion and that the government's repetitive reliance on the nervousness . . . must be treated with caution"); see Gall v. Parker, 231 F.3d 265, 292 (6th Cir. 2000) (testimony that Gall seemed "nice [and] normal" and "not nervous" was in error because -- "we have long been skeptical of such lay testimony"), overruled on other grounds in Bowling v. Parker, 344 F.3d 487 (6th Cir. 2003); United States v. Burks, 547 F.2d 968, 970 (6th Cir. 1976) (where lay testimony that defendant did not appear "abnormal" by persons "who had very limited opportunity to observe" him had little value), reversed on other grounds 437 U.S. 1 (1978); United States v. Smith, 437 F.2d 538, 540-41 (6th Cir. 1970) (lay testimony as to mental state lacks probative value when a witness's "direct

knowledge of the defendant is brief and superficial").[1]

In reversing a trial court's decision, the Tenth Circuit, in <u>Fernandez</u> expressly notes, that: "[t]he lower court's heavy reliance on nervousness as an important factor establishing reasonable suspicion is even more troublesome given the complete lack of evidence in the record that [the police officer] had any prior knowledge of Fernandez . . . ." 18 F.3d at 879.

These cases demonstrate that the judiciary, in general, and the Ninth Circuit, specifically, places little or no weight upon nervousness in making particular fact-based rulings under the lesser burdens of proof than the beyond a reasonable doubt standard applicable at trial. <u>See</u> <u>United States v. Chavez-Valenzuela</u>, 268 F.3d 719 (9th Cir. 2001), <u>implicitly overruled on other grounds by</u> <u>Muehler v. Mena</u>, 544 U.S. 93 (2005) ("[N]ervousness during a traffic stop -- even . . . extreme nervousness . . . in the absence of other particularized, objective factors, does not support a reasonable suspicion of criminal activity."). For example, in <u>Chavez-Valenzuela</u>, <u>Wald</u> and <u>Fernandez</u>, nervousness was considered to be of little to no probative value in a probable cause/reasonable suspicion context where evidentiary standards are relaxed and <u>where there is no need to consider the prejudicial impact of such evidence.</u> <u>Id.</u>; <u>Wald</u>, 216 F.3d at 1227; <u>Fernandez</u>, 18 F.3d at 879.

Courts accord minimal significance to "nervousness" because they recognize that "nervousness" can have both an innocent and a guilty explanation; people confronted with law enforcement often exhibit signs of nervousness, without having done anything wrong. <u>See</u> <u>Chavez-Valenzuela</u>, 268 F.3d at 725 ("Encounters with police are necessarily stressful for law-abiders and criminals alike."); <u>United States v. Fuentes-Cariaga</u>, 209 F.3d 1140, 1144 (9th Cir. 2000) (recognizing that "drivers stopped at the border (or anywhere else) can be nervous for many reasons, one being a natural unease when confronted by an authority figure and another being fear of getting caught with contraband the person knows he is carrying"); <u>accord</u> <u>Wald</u>, 216 F.3d at

---

[1] In both <u>Gall</u> and <u>Smith</u>, mental state was the defense, and it was deemed error to have lay witnesses, without prior knowledge of the defendant opine that he appeared "not nervous," <u>Gall</u>, 231 F.3d at 292, or that "he did not appear abnormal," <u>Smith</u>, 437 F.2d at 540. Similarly, here, where a distinct mental state knowledge, is the determinative issue, permitting witnesses without expertise and with no prior knowledge of Mr. Hernandez-Esguerra to testify to the converse, that he was nervous, is equally erroneous.

1227 (it is not uncommon for most citizens, even innocent ones, to exhibit signs of "innocuous" nervousness when confronted by law enforcement); United States v. Wood, 106 F.3d 942, 947 (10th Cir. 1997) ("It is certainly not uncommon for most citizens--whether innocent or guilty--to exhibit signs of nervousness when confronted by law enforcement officer."); Fernandez, 18 F.3d at 879 (same); United States v. Diaz-Carreon, 915 F.2d 951, 954 (5th Cir. 1990) ("Nervousness, however, is 'a normal reaction to circumstances which one does not understand.' In the absence of facts which suggest that the defendant's nervousness or anxiety derives from an underlying consciousness of criminal behavior, evidence of nervousness is insufficient to support a finding of guilty knowledge");[2] United States v. Millan-Diaz, 975 F.2d 720, 722 (10th Cir.1992) (same); United States v. Grant, 920 F.2d 376, 386 (6th Cir. 1990) ("[N]ervousness is entirely consistent with innocent behavior, especially at an airport where a traveler may be anticipating a long-awaited rendezvous with friends or family."); United States v. Andrews, 600 F.2d 563, 566 n.4 (6th Cir. 1979) (noting inconsistent rationales taken by government in explaining nervousness).

In determining what can properly be considered in making reasonable suspicion/probable cause determinations, it is improper for district courts to rely upon factors which lead to a "heads I win, tails you lose" result for the prosecution. Gonzalez-Rivera v. INS, 22 F.3d 1441, 1447 (9th Cir. 1994) (noting that point with respect to a driver's avoidance of eye contact with law enforcement the government argues that whether the driver made eye contact or avoided it are both signs of guilt); see United States v. Lopez, 564 F.2d 710 (5th Cir. 1977) (where a factor and its opposite can both be used to justify a stop, the court should not give weight to either factor). Recently, the Ninth Circuit reiterated its unwillingness to place [motorists] in a "damned if you do, equally damned if you don't situation" by excluding conduct from a reasonable suspicion analysis when the opposite course of action would also be damning. United States v. Sigmond-Ballesteros, 285 F.3d 1117, 1122 (9th Cir. 2002) (excluding the fact that defendant changed lanes and slowed down from probable cause analysis because the opposite course of action (speeding up) could also

---

[2] In Diaz-Carreon, the Fifth Circuit held that the "nervousness" was linked to consciousness of guilt but only because, *before being told that agents had discovered marijuana in the pickup truck,* Diaz-Carreon volunteered, 'If the truck is loaded, I didn't know about it.'" 915 F.2d at 954 (emphasis in original). Here, no such link between any amorphous "nervous" behavior and consciousness of guilt exists.

be construed as suspicious). Nervousness is precisely such a factor as recognized by the court in Andrews, 600 F.2d at 566 n.4, where it discussed the fact that the government argues in some cases that "nervousness" indicates guilty knowledge while in others that its absence indicates the guilty knowledge of the calm and collected criminal. Since it is inappropriate for courts to consider such a factor in a mere probable cause calculus, concomitantly, a jury should not consider it at a far more important event, such as a trial[3]. Indeed, we expect our judges to be able to put aside undue prejudice when the law recognizes that jurors cannot do the same. It is well-established that jurors will assign undue weight to a law enforcement officer's testimony that an individual was "nervous" and equate nervous behavior with suspicious behavior. See United States v. Gutierrez, 995 F.2d 169, 172 (9th Cir. 1993) (testimony of law enforcement officers "'often carries an aura of special reliability and trustworthiness'") (quoting United States v. Espinosa, 827 F.2d 604, 613 (9th Cir. 1987)); See also Dubria v. Smith, 224 F.3d 995, 1001 (9th Cir. 2000). It is also true that, as is previously recognized, testimony that someone is "nervous" in the presence of law enforcement is ambiguous. For these reasons, evidence that someone was "nervous" should fall in the same category as evidence that an individual remained silent when confronted with law enforcement accusation. That evidence of silence, apart from any constitutional protection, is also inadmissible pursuant to Rule 403. United States v. Hale, 422 U.S. 171 (1975). Thus, any slight probative value which could exist is insufficient to justify its admission. All told, any proposed testimony that Mr. Hernandez-Esguerra displayed signs of nervousness is irrelevant to the issue at hand and should be excluded under Rule 403 as being substantially more prejudicial than probative.

**B.  Admission of Nervousness Testimony Violates Rules 701 & 704(b)**

Finally, such evidence should be excluded if it is couched, as it is this case, in terms of a

---

[3] In the suppression context, courts are precluded from considering certain factors and as a matter of law, cannot rely upon them in finding probable cause or reasonable suspicion, such as race or ethnicity, United States v. Montero-Camargo, 208 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc). Because of its limited probative value and the equivalent "guilty" and "innocent," explanation, courts indicate that "nervousness" also, should be accorded little to no consideration. While a factor such as race is not permitted to be the subject of testimony indicating guilty knowledge at a trial for other reasons, one such reason, i.e, that it has no relevance for purposes of ascertaining guilty knowledge, applies equally to nervousness. Just as race would not be a permissible subject of testimony at trial, neither should testimony about nervousness be admitted.

P's & A's in Support of Defendant's Motion

1  law enforcement witness' personal opinion about Mr. Hernandez-Esguerra's behavior, i.e., "he was
2  nervous." The agent's personal opinion is irrelevant and such opinion testimony based on no prior
3  knowledge of the defendant and upon a very limited observation opportunity, violates Fed. R.
4  Evid. 701. The rule provides that a lay witness can only testify to opinions or inferences which are
5  (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the
6  witness' testimony or to the determination of a fact in issue and (c) not based on scientific,
7  technical, or other specialized knowledge within the scope of Rule 702. In Gonzalez-Rivera v.
8  INS, 22 F.3d 1441 (9th Cir. 1994), the Ninth Circuit held that testimony at a suppression hearing
9  by an INS agent that an individual was nervous must be disregarded because it was not based upon
10 "reliable, objective evidence." Id. at 1447. There, when explored, the basis for the agent's
11 testimony was that the individual appeared to have a "dry mouth." The court stated that absent
12 reliable, objective testimony that people who are nervous have a dry mouth, as opposed to just
13 being thirsty, this inference was nothing more than "subjective feelings [which] do not provide any
14 rational basis for separating out the illegal aliens from the American citizens and legal aliens." Id.
15 Likewise the testimony in the instant case that Mr. Hernandez-Esguerra was "nervous" is nothing
16 more than a subjective judgment based upon no prior knowledge of him and, similarly, should not
17 be considered by the jury.

18      The only statements disclosed thus far regarding "nervousness" is that of Enforcement
19 Officer Loperena, during Mr. Hernandez-Esguerra's post arrest interview. To the extent that any
20 other witness with newly "refreshed" recollection is permitted to testify to some sort of
21 "nervousness," that testimony would violate Rule 16. To the extent that any such testimony could
22 be presented, it should be limited to a description of the physical or verbal manifestations directly
23 observed or heard by the agent and should not encompass his or her own personal opinion that Mr.
24 Hernandez-Esguerra was "nervous."

### III.

### THIS COURT SHOULD APPLY THE RULE OF COMPLETENESS

27     As indicated above, Mr. Hernandez-Esguerra made statements to interrogating agents in which
28 he described what he had been doing the days preceding his arrest and what he did the hours before

his arrest in his vehicle before it was stopped at the border. As a consequence, if the Government were to admit evidence of only a portion of his statement, the jury could be led unfairly to believe that Mr. Hernandez-Esguerra confessed. Accordingly, under the Rule of Completeness, the entire statement should be admitted, or none of it.

The Second Circuit has held:

> [w]hile Rule 106 [of the Fed. R. Evid.] applies only to writings . . ., the rule of completeness is "substantially applicable to oral testimony as well," by virtue of Fed. R. Evid. 611(a), which obligates the court to "make the interrogation and presentation effective for the ascertainment of the truth.

United States v. Mussaleen, 35 F.3d 692, 696 (2d Cir. 1994) (quoting United States v. Alvarado, 882 F.2d 645, 650 n.5 (2d Cir. 1989), overruled on other grounds by Bailey v. United States, 516 U.S. 137 (1995). The Seventh Circuit agrees that the Rule of Completeness applies to oral statements by virtue of Rule 611(a). United States v. Li, 55 F.3d 325, 329-30 (7th Cir. 1995) (citing United States v. Haddad, 10 F.3d 1252, 1258 (7th Cir. 1993)). The Ninth Circuit has cited these cases with favor. United States v. Collicott, 92 F.3d 973, 983 n.12 (9th Cir. 1996). Thus, Mr. Hernandez-Esguerra requests that this Court admit none or all of Mr. Hernandez-Esguerra's post-arrest statements.

## IV.

### AGENTS SHOULD NOT BE ALLOWED TO TESTIFY ABOUT THE TRUTHFULNESS OF MR. HERNANDEZ-ESGUERRA'S STATEMENTS AT THE TIME OF THE ARREST

Credibility is a matter to be decided by the jury. Any testimony by Enforcement Officer Loperena, Enforcement Officer Chaboya, or any other agents at the border that any post-arrest statement by Mr. Hernandez-Esguerra was untruthful is irrelevant and inadmissible under Ninth Circuit precedent.

The Ninth Circuit has held that it is reversible error to permit a Border Patrol Officer to testify over objection that another agent was telling the truth. See United States v. Sanchez-Lima, 161 F.3d 545 (9th Cir. 1998). In Sanchez-Lima, a Border Patrol Officer testified that "based on his training and experience, Agent Kermes [an agent who testified before the jury] was telling the truth" during his post incident interview. Id. at 548. The Ninth Circuit noted that "[t]his court has already held that opinion evidence regarding a witness' credibility is inadmissible." Id. (citing

United States v. Awkard, 597 F.2d 667, 671 (9th Cir. 1979)). The Sanchez-Lima Court held that it is error to permit a witness to testify over objection that another witness's extra-judicial statements were truthful. Id.

The Ninth Circuit reached an analogous result in United States v. Sanchez, 176 F.3d 1214 (9th Cir. 1999). In Sanchez, the prosecutor's questions on cross-examination of the defendant compelling the defendant to give his opinion regarding the credibility of a deputy marshal was error. The Sanchez Court noted that it could not "discern any principled distinction between asking a law enforcement officer his opinion regarding whether the defendant was untruthful during a police interview and the improper tactical ploy condemned in Sanchez-Lima. Eliciting the officer's opinion regarding Sanchez's credibility was misconduct." Id. at 1221.

Allowing officers to testify about the truthfulness of Mr. Hernandez-Esguerra's statements would qualify as reversible error as well. Explicit Ninth Circuit precedent, logically indistinguishable from the instant case, bars the use of this kind of evidence against the defendant. Therefore, Mr. Hernandez-Esguerra requests that officers not be permitted to testify about his or her opinions of the truthfulness of Mr. Hernandez-Esguerra's post-arrest statements.

## V.
## CONCLUSION

For the foregoing reasons, Ms. Hernandez-Esguerra respectfully requests that the Court grant his motions.

Respectfully submitted,

Dated: April 14, 2008

/s/ Brian J. White
BRIAN J. WHITE Attorney for
Defendant ARTURO HERNANDEZ-ESGUERRA