KAREN P. HEWITT
United States Attorney
AARON B. CLARK
Assistant U.S. Attorney
California State Bar No. 239764
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6787/(619) 235-2757 (Fax)
Email: aaron.clark@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARTURO HERNANDEZ-ESGUERRA,<br><br>Defendant(s). | Criminal Case No. 07CR2976-JAH<br><br>DATE: April 28, 2008<br>TIME: 11:00 a.m.<br>Before Honorable John A. Houston<br><br>UNITED STATES' MOTIONS *IN LIMINE* TO:<br>(A) ADMIT STATEMENTS OF CO-CONSPIRATORS<br><br>TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Aaron B. Clark., Assistant U.S. Attorney, and hereby files its motions *in limine* in the above-captioned case. Said motions are based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

DATED: April 17, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ Aaron B. Clark
AARON B. CLARK
Assistant United States Attorney

KAREN P. HEWITT
United States Attorney
AARON B. CLARK
Assistant U.S. Attorney
California State Bar No. 239764
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6787/(619) 235-2757 (Fax)
Email: aaron.clark@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARTURO HERNANDEZ-ESGUERRA,<br><br>Defendant(s). | Criminal Case No. 07CR2976-JAH<br><br>DATE: April 28, 2008<br>TIME: 11:00 a.m.<br>Before Honorable John A. Houston<br><br>UNITED STATES' STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

**I**

**STATEMENT OF THE CASE AND FACTS**

The United States hereby incorporates by reference the statement of the case and statement of facts set forth in its Motions *In Limine* filed March 18, 2008.

**II**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A. The Court Should Admit Co-Conspirator Statements Concerning Smuggling Arrangements.**

The material witness should be permitted to testify regarding the arrangements made to smuggle him into the United States. If the material witness offers testimony consistent with his deposition, he will state that, while still in China, his parents told him they had paid money and

made arrangements for him to be smuggled into the United States. To the extent statements of this nature made by the material witness' parents are offered for the truth of the matter asserted, the statements are admissible under Federal Rule of Evidence 801(d)(2)(E).

Federal Rule of Evidence 801(d)(2)(E) specifically defines statements made by a coconspirator of a party during the course and in furtherance of a conspiracy as non-hearsay. In Crawford v. Washington, 541 U.S. 36 (2004), the Supreme Court re-affirmed its holding in United States v. Bourjaily, 483 U.S. 171 (1987), that co-conspirator statements are non-testimonial and do not implicate the Confrontation Clause regardless whether the defendant was afforded a prior opportunity for cross examination. Crawford, 541 U.S. at 56. The Ninth Circuit similarly has recognized that Crawford did not affect the admissibility of co-conspirator statements under Rule 801(d)(2)(E) "because co-conspirator statements are not testimonial." United States v. Bridgeforth, 461 F.3d 864, 869 n.1 (9th Cir. 2006).

Co-conspirator statements are admissible under Rule 801(d)(2)(E) if the United States demonstrates that (1) a conspiracy existed, (2) the defendant and the declarant were members of the conspiracy, and (3) the statement was made during the course of and in furtherance of the conspiracy. See Bourjaily, 483 U.S. at 175; Bridgeforth, 461 F.3d at 869. These are questions of fact that must be resolved by the Court by a preponderance of the evidence. Fed. R. Evid. 104; Bourjaily, 483 U.S. at 175. "Furtherance of a conspiracy" is to be interpreted broadly. United States v. Manfre, 368 F.3d 832, 838 (8th Cir. 2004). In determining these preliminary questions, the Court "is not bound by the rules of evidence except those with respect to privilege." Fed. R. Evid. 104(a).

The Court may consider the content of the statements in determining whether the co-conspirator statement is admissible. Bourjaily, 483 U.S. at 180. Further, once the Court finds that the statement meets the evidentiary requirements for admission under Rule 801(d)(2)(E), the Court need not make an additional inquiry as to whether the declarant is unavailable or whether there is any independent indicia of reliability. Id. at 182-184.

To admit co-conspirator statements, the Government need not charge the defendant with conspiracy, United States v. Layton, 855 F.2d 1388, 1398 (9th 1988), or charge the declarant as a co-defendant in any conspiracy. United States v. Jones, 542 F.2d 186 (4th Cir. 1976). Further, upon joining the conspiracy, earlier statements made by co-conspirators after inception of the conspiracy become admissible against the defendant. United States v. Anderson, 532 F.2d 1218, 1230 (9th Cir. 1976) ("Statements of a co-conspirator are not hearsay even if made prior to the entry of the conspiracy by the party against whom it is used."). See also United States v. United States Gypsum Co., 333 U.S. 364, 393 (1948) ("the declarations and acts of various members, even though made prior to the adherence of some to the conspiracy become admissible against all as declarations or acts of coconspirators in aid of the conspiracy"). In other words, a defendant who joins the conspiracy at a later date, takes the conspiracy as he finds it. United States v. Hickey, 360 F.2d 127, 140 (7th Cir. 1966).

**1. A Conspiracy Existed**

In this case, the conspiracy consists of the efforts made by known and unknown persons, including Defendant, the material witness, the material witness' parents, and the smugglers in Mexico to smuggle the material witness into the United States, harbor him and transport him to his destination within the United States. The evidence of this conspiracy stems both from the testimony of the material witness as well as the facts and circumstances surrounding Defendant's arrest.

**2. Defendant And The Declarants Were Members Of The Conspiracy**

The Government anticipates that the testimony of the material witnesses at trial will demonstrate that his parents informed him of arrangements they had made in China to have him smuggled into the United States. Given that Defendant was later apprehended attempting to smuggle Defendant into the United States, the evidence demonstrates that Defendant and the material witness' parents were members of a conspiracy to smuggle the material witness into the United States.

**3. The Statements Were Made During The Course Of And In Furtherance Of The Conspiracy.**

The co-conspirator statements that the Government contends are non-hearsay involve statements concerning the arrangements made for the material witnesses' entry into the United States. Accordingly, the statements plainly were in the course of and in furtherance of the conspiracy.

**4. The Court May Conditionally Admit Co-Conspirator Statements**

The district court possesses the discretion to conditionally admit co-conspirator statements subject to a motion to strike if the Government fails to establish the requisite foundation. United States v. Reed, 726 F.2d 570, 580 (9th Cir. 1984); United States v. Loya, 807 F.2d 1483, 1490 (9th Cir. 1987).

## IV

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that its motions *in limine* be granted.

DATED: April 17, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/Aaron B. Clark
AARON B. CLARK
Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br>v.<br>ARTURO HERNANDEZ-ESGUERRA,<br>Defendant(s). | Case No. 07CR2976JAH<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, AARON B. CLARK, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of UNITED STATES' MOTIONS *IN LIMINE* on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Brian White, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 17, 2008.

s/ Aaron B. Clark
AARON B. CLARK