KAREN P. HEWITT
United States Attorney
AARON B. CLARK
Assistant U.S. Attorney
California State Bar No. 239764
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6787/(619) 235-2757 (Fax)
Email: aaron.clark@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR2976-JAH |
|---|---|---|
| Plaintiff, | ) | DATE: May 6, 2008 |
| | ) | TIME: 9:00 a.m. |
| v. | ) | Before Honorable John A. Houston |
| ARTURO HERNANDEZ-ESGUERRA, | ) | UNITED STATES' TRIAL MEMORANDUM |
| Defendant(s). | ) | |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Aaron B. Clark, Assistant U.S. Attorney, and hereby submits the following Trial Memorandum.

**I.**

**STATEMENT OF THE CASE**

**A.   INDICTMENT**

On October 31, 2007, a grand jury sitting in the Southern District of California returned a two-count Indictment against Defendant, charging him with Bringing In Illegal Aliens for Financial Gain and Aiding and Abetting, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2, and Bringing in Illegal Aliens Without Presentation, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii). On November 1, 2007, Defendant was arraigned on the Indictment and entered a plea of "Not Guilty."

**B.     TRIAL STATUS**

A jury trial is scheduled for Tuesday, May 6, 2008 at 9 a.m. before the honorable John A. Houston. The United States expects its case-in-chief to last approximately one day.

**C.     DEFENSE COUNSEL**

Brian J. White.

**D.     DEFENDANT'S CUSTODY STATUS**

Defendant is currently in custody.

**E.     INTERPRETER**

The United States anticipates needing a Mandarin, Chinese interpreter for the material witness in this case. Defendant will likely require a Spanish interpreter.

**F.     JURY WAIVER**

Defendants have not filed a jury waiver.

**G.     PRE-TRIAL MOTIONS**

On November 19, 2007, Defendant filed a motion to compel discovery. On November 20, 2007, Defendant filed a motion to suppress post-arrest statements. On November 28, 2007, the United States filed its opposition to both motions.

On December 18, 2008, following a December 7, 2008 deposition of the material witness, attorney for the material witness in the case moved for the release of the material witness. Judge Battaglia signed an order releasing the material witness on December 21, 2008.

On February 11, 2008, the Court moved ruling on Defendant's suppression motion to the hearing on motions *in limine* set for April 28, 2008.

On March 18, 2008, the United States filed motions *in limine* to: (1) exclude witnesses; (2) prohibit reference to punishment, education, health, age, and finances; (3) admit demeanor evidence; (4) preclude testimony of character witnesses; (5) preclude evidence of duress or necessity; (6) preclude expert testimony by defense witnesses; (7) admit videotaped and recorded statements; (8) allow argument that Defendant need not act for financial gain ; (9) renew its motion

1  for reciprocal discovery; and (10) permit leave to file further motions. On April 17, 2008 the United States filed an additional motion *in limine* to admit statements of co-conspirators. Defendant filed motions *in limine* on April 15, 2008, requesting that the Court: (1) exclude evidence of nervousness of Defendant; (2) apply rule of completeness to statements; and (3) exclude agent testimony related to Defendant's truthfulness at the time of arrest. On April 22, 2008, Defendant filed additional motions *in limine* to: (1) exclude evidence hearsay testimony of the material witness; (2) exclude prior bad acts evidence; (3) exclude prior convictions.

At the April 28, 2008 hearing the Court ruled on the United States' motions as follows: (1) granting the motion to admit evidence of demeanor; (2) granting the motion to admit videotape statements; (3) granting the motion to allow argument that defendant need not act for financial gain; (4) granting in part and denying in part the motion to exclude witnesses; (5) granting the motion to preclude evidence of duress or necessity; (6) granting the motion to preclude reference to punishment, etc.; (7) granting the motion to preclude testimony of character witnesses and expert; (8) granting the motion for reciprocal discovery; and (9) granting the motion to admit statements of co-conspirators. As the Defendant's motions, the Court ruled as follows: (1) denying the motion to exclude evidence of nervousness; (2) granting the motion to exclude testimony of agent related to Defendant's truthfulness at the time of his arrest and apply the rule of completeness to statements; (3) denying motion to exclude hearsay testimony of the material witness; and (4) denying the motion to suppress statements.

Trial in this matter is currently set for May 6, 2008.

**H.     STIPULATIONS**

At present, there are no stipulations entered into by the parties and none are anticipated.

**I.     DISCOVERY**

The United States has complied and will continue to comply with its discovery obligations. Defendant has provided no reciprocal discovery to date.

//

3

## II.

## STATEMENT OF FACTS

### A. INCIDENT

On September 24, 2007, at approximately 4:10 a.m., Defendant attempted entry into the United States through the San Ysidro, California, Port of Entry as the driver and sole visible occupant of a gold 2005 Chrysler PT Cruiser bearing California license plate number 5ZIP700. Defendant is the registered owner of the vehicle. During pre-primary roving operations, Customs and Border Protection (CBP) and Canine Enforcement Officers (CEO) Stacy Smithson and Mark Schneider approached Defendant's vehicle with a trained human/narcotic detection dog (HNDD). The dog immediately alerted to the rear of Defendant's vehicle.

Schneider contacted Defendant, who provided a negative customs declaration and claimed he was headed home. When asked why he had gone to Mexico, Defendant stated he had taken his sister to the airport and dropped her off at 6:00 p.m. the previous day. Officer Schneider then took custody of Defendant and escorted him to the security office.

In secondary inspection, officers discovered Yan Lin Wei, a Chinese national with no entitlements to be in the United States, concealed in a non-factory compartment attached to the undercarriage in the rear cargo area of Defendant's vehicle.

### B. DEFENDANT'S STATEMENTS

Defendant was later advised of his Miranda rights and elected to waive those rights and talk with agents.

Defendant gave a lengthy statement. Among his admissions, he initially claimed "they were going to help me pay for a prostate operation" (in Spanish), when asked why he was smuggling. Defendant also claimed that, following a hit and run that damaged the rear of his vehicle, an unknown subject approached him and offered to fix the car for free. Defendant stated that the man, who worked at a Tijuana body shop, later propositioned him to smuggle aliens into the United States. Defendant claimed he had refused.

4

1    Defendant then proceeded to make a series of statements regarding the vehicle, his control
2    over the vehicle in the process, and his activities on the day preceding his arrest. Among those
3    statements, Defendant admitted, without explanation, that he had lied to the CBP officer who
4    initially contacted him, since he actually had <u>not</u> taken his sister to the airport the previous day.
5    He had also initially stated that he had not driven the vehicle for three weeks prior to his arrest
6    since it had been in a body shop. However, when agents confronted Defendant with evidence that
7    his vehicle had crossed into the United States from Mexico several times within the previous three
8    weeks, Defendant recanted and claimed he would pick up the vehicle at the body shop and then
9    take it back to continue the repair work. Defendant's post-arrest statement was recorded on DVD.

### C. MATERIAL WITNESSES' STATEMENTS

In his deposition, the material witnesses admitted he is a citizen and national of China with no legal right to enter the United States. He also stated that his parents were to pay an unknown amount of money to unknown individuals to smuggle him into the country. The material witness stated that he flew into Mexico City and was picked up by someone at the airport. This person then drove the material witness to a house in Mexico, where he waited until the day of his attempted smuggling into the United States. He could not identify Defendant as the Defendant as the driver of the subject vehicle.

### D. DEFENDANT'S CRIMINAL HISTORY

None. Defendant is a legal permanent resident of the United States.

### III.

### PERTINENT LAW

### A. BRINGING IN ILLEGAL ALIENS FOR FINANCIAL GAIN

[Title 8, United States Code, Section 1324(a)(2)(B)(ii)]

The elements of the offense are as follows:

1.  Defendant brought a person who was an alien into the United States for the purpose of private financial gain.

5

2. Defendant knew, or was in reckless disregard of the fact that, the individual named in the Count was not lawfully in the United States; and

3. Defendant acted with the intent to violate the immigration laws of the United States.

An alien is a person who is not a natural-born or naturalized citizen or national of the United States.

The term "private financial gain" means any economic benefit.

**B.     AIDING & ABETTING**

[Title 18, U.S.C., Section 2]

The elements of the offense are as follows:

1. That the crime of bringing in illegal aliens for private financial gain was committed by someone;

2. That Defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit the crime of bringing in illegal aliens for financial gain; and

3. That Defendant acted before the crime was completed.

**C.     BRINGING IN ILLEGAL ALIENS WITHOUT PRESENTATION**

[Title 8, United States Code, Section 1324(a)(2)(B)(iii)]

The elements of the offense are as follows:

1. Defendant brought a person who was an alien into the United States and upon arrival did not immediately present the alien to an appropriate immigration official at a designated port of entry;

2. Defendant knew, or was in reckless disregard of the fact that, the individual named in the Count was an alien who had not received prior official authorization to come to, enter, or reside in the United States; and

3. Defendant acted with the intent to violate the United States immigration laws.

An alien is a person who is not a natural-born or naturalized citizen or national of the United States.

6

## IV.

## WITNESSES

The United States expects to call the following witnesses, although it reserves the right to change the order of these witnesses, substitute witnesses, add, or omit one or more witnesses.

1. Customs and Border Protection Officer Alfredo Loperena
2. Customs and Border Protection Officer Edward Chavoya
2. Customs and Border Protection Officer Mark Schneider
3. Customs and Border Protection Officer Stacy Smithson
4. Customs and Border Protection Officer Jerry Vales
5. Yan Lin Wei

## V.

## EXHIBIT LIST

The United States will provide a complete exhibit list prior to trial. The United States requests that Defendant examine Government's exhibits before trial to expedite proceedings. The Government further requests an opportunity to examine Defendant's exhibits before trial. Presently, the Government intends to offer into evidence the following:

1. Aerial photographs of San Ysidro Port of Entry;
2. Certified DMV documents for the PT Cruiser;
3. Photographs of PT Cruiser;

## VI.

## VOIR DIRE

The United States requests that the following *voir dire* questions be addressed to the jury panel in addition to the Court's standard jury questions:

1. The Court will instruct you about the law. Will you follow the law as given by the Court and disregard any idea or notion you have about what the law is or should be?

1       2.       The Government will be calling Department of Homeland Security employees as witnesses. Does anyone have family members or close friends who work for the Department of Homeland Security? Would that prevent you from being fair and impartial?

      3.       Has anyone had an unpleasant or negative experience with any law enforcement personnel? Would that cause you to be biased against law enforcement?

      4.       Has anyone ever had any disputes with any agency of the United States Government? If so, please describe.

      5.       Have you or any relatives or close friends ever been accused of, or charged with, a similar crime?

      6.       Has anyone had any training in the law? If so, please explain.

      7.       Will you be able to put aside any feeling of sympathy or pity for the defendant when deciding the facts of this case?

      8.       Does everybody understand that the defendant is entitled to a fair trial? Does everybody understand that the United States is also entitled to a fair trial?

      9.       Does anybody have any moral or religious reservations that might prevent them from standing in judgment of other human beings?

      10.       The defendant in this case is charged with bringing in illegal aliens for private financial gain, as well as bringing in illegal aliens without presentation. Does anybody have strong feelings or opinions about U.S. immigration laws that would prevent them from viewing the evidence impartially?

      11.       The law requires the government to prove its case against the defendant beyond a reasonable doubt. If you are selected, would you want the government to prove its case by a higher standard of proof, say beyond any possible doubt?

      12.       Has anyone gone through, or helped someone go through, the process of applying for residency or citizenship through the Immigration and Naturalization Services or Department of Homeland Security?

        13.     Has anyone traveled to Mexico? Has anyone entered the United States through a land port of entry? Has anyone been referred to secondary?

## VII.
## **JURY INSTRUCTIONS**

Proposed jury instructions will be filed under separate cover. The United States reserves the right to submit additional instructions at the Rule 30 conference.

DATED: May 1, 2008.

                                        Respectfully submitted,

                                        KAREN P. HEWITT
                                        United States Attorney

                                        s/ Aaron B. Clark
                                        AARON B. CLARK
                                        Assistant United States Attorney

9

| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | SOUTHERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>ARTURO HERNANDEZ-ESGUERRA,<br><br>Defendant(s). | Case No. 07CR2976JAH<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, AARON B. CLARK, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of UNITED STATES' TRIAL MEMORANDUM on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Brian White, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 1, 2008.

                                                  s/Aaron B. Clark
                                                  AARON B. CLARK